OPINION
{¶ 1} David McIntosh appeals from his conviction in the Montgomery County Common Pleas Court of domestic violence and violating a civil protection order. The victim of the alleged violence was McIntosh's live-in girlfriend. After the trial court overruled McIntosh's motion to dismiss on state constitutional grounds, he entered a no contest plea and was sentenced to one year in prison.
 {¶ 2} McIntosh contends in a single assignment of error that the trial court erred in overruling his dismissal motion. We agree. We recently held that R.C. 2919.25(A) violates the Marriage Amendment, Article XV, Section 11, to the extent the statute provides that a "person living as a spouse" includes one "who is otherwise cohabiting with the offender." See State v.Karen Ward, Greene App. No. 05-CA-75. Accordingly, the assignment of error is sustained. Since McIntosh's charge of violating a civil protection order was by committing the crime of domestic violence, that conviction must be set aside as well. Nothing precludes the State from filing assault charges against McIntosh and a charge of violating the civil protection order by committing the crime of assault upon the victim. The Judgment of the trial court is Reversed.
Fain, J., concurs.